JAMES O'DONNELL *vs.* AUGUSTUS ALLEN.
AUGUSTUS ALLEN *vs.* JAMES O'DONNELL.

If a contract has been entered into and executed between A. and B. for an exchange of horses, without fraud or warranty, and A. has given to B. his note for the difference of value agreed upon, and afterwards being dissatisfied with the bargain has returned to B. the horse which he received, taking another on trial until B. could " procure him a good one," which B. agrees but afterwards fails and refuses to do; the original contract is not rescinded, and A. is not entitled to recover of B. the value of the horse originally delivered to him, but is liable to pay to B. the amount of his note.

THE declaration in the first of these actions contained one count for money had and received, and one count alleging a special executed contract between the parties for an exchange of horses, in which O'Donnell gave to Allen his note for $95 as the difference of value, and a subsequent rescission of the contract and a refusal by Allen to restore the horse delivered by O'Donnell to him, or the value thereof.

The second action was upon the above note.

The cases were tried together in the superior court, before *Vose*, J., and the testimony of O'Donnell was substantially as follows : " In March 1861 I had an old horse named Charlie, and saw Allen and proposed an exchange for a younger horse, and went to see his horses. I liked a mare that he had, and the next day agreed to take her, and give him my horse and $95. He said she was rather too skittish for my purposes. I told him I liked the looks of her, and the next day took my horse to him, gave him my note for $95, and took his mare. I kept her six weeks. She did not work well, and wished to run all of the time. I told Allen she would not work, and wished him to take her back and give me a good, steady, young working horse. He said his good horses were all sold, and I would have to wait

till he went to Canada again. Finally he said he had got an old horse which I might take till he got a good one for me. I took the horse, but he would not work, and I told Allen so. He let me have another horse to try, which I did not like, and took him back. He said he had no better one and that I had better keep him till he could get me a better one; and I took him home again. I afterwards met him and said, ' Mr. Allen, don't be disappointing me, bring me down a good horse. I am out pretty near $150.' He said, ' I will bring you a good horse.' I kept the horse five or six months. At last, I took the horse to him and told him I wanted to give the horse up. He refused to take him, and said he was my horse. I left the horse, but when I got home found him at my house." This was all the evidence in the case. There was no claim or suggestion of any warranty or deceit upon the part of Allen. The judge ruled that O'Donnell was not entitled to recover in the first action, and that Allen was entitled to recover in the second; and verdicts were returned accordingly. O'Donnell alleged exceptions.

*J. Rutter,* for O'Donnell.

*J. Q. A. Griffin,* for Allen.

CHAPMAN, J. The evidence in these cases consists of the testimony of O'Donnell. It appears from his statement that the exchange of horses was complete, and he gave his note to Allen for the balance. After the lapse of six weeks, he became dissatisfied with the mare he had received from Allen, but did not pretend that he had been in any way defrauded, or that any warranty had been broken. He took his mare back to Allen, but did not propose to take back the horse Charlie that he had sold to Allen, or request that the note given by him should be cancelled. Nothing was said by either party about rescinding the contract. His proposal was that Allen should let him have another horse, or procure one for him. But as Allen had none at the time that he was willing to recommend, O'Donnell took one temporarily; and afterwards returned it and took another. The judge ruled correctly that the evidence was insufficient in law to sustain the action of O'Donnell. It had no tendency to sustain it. He also ruled correctly that as the contract

was not rescinded, the note remained in force, and Allen was entitled to recover the amount due on it.

*Exceptions overruled.*